IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Shelley Davis,

             Plaintiff,

    v.

Commissioner of Social Security,

             Defendant.

Case No: 3:22-cv-01259

Judge James G. Carr
Magistrate Judge James E. Grimes Jr.

**ORDER**

This is an appeal from the denial of Social Security benefits. On July 18, 2022, Plaintiff, Shelley Davis, filed a Complaint seeking review of Defendant's denial of her application for Disability Insurance Benefits (DIB). (Doc. 1). The application was for a period of disability beginning on March 16, 2020.

An administrative law judge (ALJ) rejected Plaintiff's claim. The ALJ found:

1. The claimant meets the insured status requirements of the Social Security Act through June 20, 2025.

2. The claimant has not engaged in substantial gainful activity since March 16, 2020, the alleged onset date (20 CFR §§ 404.1571 *et seq.*).

3. The claimant has the following severe impairments: morbid obesity; cellulitis mastitis of the right upper extremity; left medial meniscus tear; status-post surgical repair, left knee; brachycardia; status-post pacemaker implant; lumbar degenerative disc disease with left-sided radiculopathy; status-post lumbar fusion 2016; epileptic-like seizure-like activity; and depression (20 CFR § 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR §§ 404.1520(d), 404.1525 and 404.1526).

5. [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR § 404.1567(b) except: she can occasionally climb ramps and stairs; never

climb ladders, ropes, or scaffolds; frequently balance, stoop, crouch and crawl; occasionally kneel; never operate foot controls with the left lower extremity; and frequently reach with the right upper extremity. She can never be exposed to hazards such as moving machinery, unprotected heights, or occupational driving. She can perform simple, routine, and repetitive one-to-two step and occasional three-to-four step tasks, but not at a production rate pace (so, for example, no assembly line work). She can make simple work-related decisions, maintain attention, and adequately adhere to a schedule. She needs a workstation that avoids all but occasional interaction with supervisors, co-workers and the general public. Finally, she can tolerate few changes in the work setting, defined as routine job duties that remain static and are performed in a stable, predictable work environment.

6.  The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7.  The claimant was born on April 22, 1973 and was 46 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR § 404.1563).

8.  The claimant has at least a high school education (20 CFR § 404.1564).

9.  Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether she has transferable job skills or not (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR §§ 404.1569 and 404.1569(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from March 16, 2020, through the date of this decision (20 CFR § 404.1520(g)).

(Doc. 5, pgID 374-90).

Pursuant to Local Civ. R. 72.2(b) (Automatic Reference), I referred the Complaint to Magistrate Judge James E. Grimes, Jr. for issuance of a Report & Recommendation (R&R). The Magistrate Judge filed his R&R on March 30, 2023. (Doc. 12).

In the R&R, Magistrate Judge Grimes Jr. recommends that I affirm the Defendant's decision. The Magistrate Judge further duly notified the parties of the deadline for filing

objections. On April 13, 2023, Plaintiff filed an Objection to the R&R. (Doc. 13). On April 26, 2023, Defendant filed a Response. (Doc. 14).

On *de novo* review, *see* 28 U.S.C. § 636(b)(1), I find the R&R well-taken in all respects. I overrule Plaintiff's Objection, adopt the R&R as the Order of the court, and affirm the Commissioner's decision.

## Discussion

Davis raises one Objection to the R&R:

The ALJ erroneously omitted multiple limitations opined by the state agency reviewing mental health expert despite finding the opinions to be persuasive.

(Doc. 13, pgID 3802) (original capitalization altered).

The gravamen of Davis' Objection is that the ALJ's RFC analysis was deficient. Specifically for omitting opinions, which one of the state agency mental health expert, Dr. Cindy Matyi, Ph.D., raised in her assessment of Davis. Those opinions concerned Davis' "need for a relatively isolated workstation, supervisory support with learning new tasks, and superficial interaction with others." (*Id.*). Davis argues that the ALJ omitted these limitations in her RFC analysis despite finding Dr. Matyi's opinions "generally persuasive." (Doc. 5, pgID 387).

Davis' Objection is without merit.

As the Magistrate Judge correctly observes, an ALJ is not required to "adopt a state agency psychologist's opinion verbatim" or "adopt the state agency psychologist's limitations wholesale." (Doc. 12, pgID 3794) (quoting *Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015)).

*Reeves* forecloses Davis' Objection. There, the ALJ gave "great weight" to opinions by state agency medical and psychological consultants, yet omitted certain opinions regarding physical and mental limitations from the RFC assessment. *Reeves, supra*, 618 F. App'x at 274-

3

75. The ALJ's omissions were not reversible error because substantial evidence still supported his RFC assessment. *Id.*

In Davis' case, the ALJ found Dr. Matyi's opinion "generally persuasive" – arguably assigning it less weight than the opinions in *Reeves*, which the ALJ in that case assigned "great weight." The ALJ in Davis' case inarguably did not find Dr. Matyi's opinions more persuasive than the opinions in *Reeves*. Therefore, absent additional evidence in the record supporting Davis' "need for a relatively isolated workstation, supervisory support with learning new tasks, and superficial interaction with others," it was squarely within the ALJ's "zone of choice" to omit those limitations from the RFC. *See Mullen v. Bowen*, 800 F. 2d 535, 545 (6th Cir. 1986). *See also Mullins v. Comm'r of Soc. Sec.*, No. 3:20 CV 747, 2021 WL 2524971, at *3 (N.D. Ohio June 21, 2021) (Knepp, J.) ("[A]n ALJ is not required to explain his reasons for declining to include certain limitations in a state agency reviewing psychologist opinion.") (citing *Martin v. Comm'r of Soc. Sec.*, 658 F. App'x 255, 259 (6th Cir. 2016)). Indeed, as the Magistrate Judge aptly observes, Dr. Matyi's opinion is the sole support for Davis' proffered need for supervisory support when first learning job tasks. (Doc. 12, pgID 3795).

Davis, citing *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011), counters that the ALJ's decision cannot stand because she did not explain a "logical bridge for the omission of the limitations." (Doc. 13, pgID 3803). But the court in *Fleischer* found that the ALJ "sufficiently explained his reasons for" the RFC, in part, due to testimony on the record contravening the limitations that the plaintiff raised in that case. *See Fleischer, supra*, 774 F. Supp. 2d at 879.

While I do not parrot the Magistrate Judge here, he cites multiple instances in the record, which weigh against inclusion of the omitted limitations. (Doc. 12, pgID 3795, 3799). Thus,

4

*Fleischer* does not warrant a departure from the R&R. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001) ("Judicial review of the Secretary's findings must be based on the record as a whole.").

Davis also cites SSR 96-8, which the Social Security Administration interprets as requiring the ALJ to "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." This argument also fails in light of *Reeves, supra*, along with the simple fact that Davis has not indicated in any way how the ALJ's alleged failure to follow the regulation was prejudicial to her claim. Even if the ALJ did not follow the regulation, it is not my job, nor the Magistrate Judge's, to extrapolate any resulting prejudice. *See Hodson v. Berryhill*, No. 317CV00096GNSCHL, 2018 WL 1558106, at *3 (W.D. Ky. Mar. 30, 2018) (holding that, "even if the ALJ failed to follow SSA regulations," the plaintiff's failure to make any argument regarding prejudice on the merits meant there was no basis to overrule her objection concerning the ALJ's RFC analysis).

Finally, I agree entirely with the Magistrate Judge's finding that the ALJ's RFC does account for the limitations Dr. Matyi assessed regarding Davis' need for a relatively isolated workstation and only superficial interaction with others. (Doc. 12, pgID 3797). This is an independent ground for overruling the Objection. The ALJ's RFC states that Davis "needs a workstation that avoids all but occasional interaction with supervisors, co-workers and the general public." (Doc. 5, pgID 379).

Here, again, *Reeves, supra*, is instructive. In *Reeves*, two state agency psychologists opined that the claimant could only interact with others "on a superficial basis." 618 F. App'x at 275. The Sixth Circuit determined that the ALJ's RFC assessment addressed that limitation by noting the claimant's need for "only occasional interaction." *Id.* Therefore, the distinction

between "superficial" and "occasional" interaction, to the extent there was one, was inconsequential.

The same is true here. Dr. Matyi opined that Davis was capable of only superficial interactions with others, and the ALJ's RFC limited Davis to only "occasional" interaction. (Doc. 5, pgID 379, 387). Davis argues that *Reeves* is inapposite because, there, the ALJ also found that the claimant possessed "marked limitations in his ability to relate to others." 618 F. App'x at 275. I do not find this distinction persuasive. First, Davis does not explain why the distinction is consequential – *i.e.* why the marked limitation was the reason that the ALJ in *Reeves* adopted the term "occasional" rather than "superficial" in the RFC. Additionally, the ALJ here did find that Davis had a "moderate limitation" in "interacting with others." (Doc. 5, pgID 377). While that limitation was not "marked" like in *Reeves*, it nevertheless indicates that the ALJ's RFC finding was not solely dependent on Dr. Matyi's opinion regarding Davis' capacity for only superficial interactions.

I also agree with the Magistrate Judge that Davis' limitation to "occasional" interaction accounts for Dr. Matyi's opinion that Davis needs a "relatively isolated workstation." Again, Davis fails to explain the conceptual distinction between the words that the ALJ and Dr. Matyi respectively adopted, and I decline to do so on her behalf.

### Conclusion

For the foregoing reasons, Plaintiff's Objection is not well taken.

Accordingly, it is hereby

ORDERED THAT:

1. Plaintiff's Objection to the Magistrate Judge's Report & Recommendation (Doc. 13) be, and the same hereby is, overruled;

2. The Magistrate Judge's Report & Recommendation (Doc. 12) be, and the same hereby is, adopted as the Order of this court in a manner consistent with this Opinion; and

3. The Commissioner's final decision denying Plaintiff's applications for DIB be, and the same hereby is, affirmed.

   **So ordered.**

                                        /s/ James G. Carr
                                        Sr. U.S. District Judge